[Crim. No. 920.   Third Appellate District.—July 13, 1926.]

THE PEOPLE, Respondent, v. TOM JONES, Appellant.

[1] CRIMINAL LAW—BURGLARY—RAILROAD CABOOSE—CONSTRUCTION OF PENAL CODE.—Under section 460 of the Penal Code, relating to degrees of burglary, a caboose at the end of a railroad train cannot be classified as an inhabited dwelling-house or building, but is a railroad car within the meaning of section 459 of the Penal Code.

[2] ID.—BURGLARY OF CABOOSE—VERDICT OF FIRST DEGREE BURGLARY —EVIDENCE.—In a prosecution for burglary of a caboose resulting in a conviction of burglary of the first degree, the verdict of first degree burglary is unsupported, where the caboose cannot be classified as an "inhabited dwelling-house or building," as provided by section 460 of the Penal Code, and there was no testimony that defendant was armed with a deadly weapon at any time or that he assaulted any person.

---

(1) 9 **C. J.**, p. 1009, n. 10, p. 1022, n. 10.   (2) 9 **C. J.**, p. 1076, n. 26.

APPEAL from a judgment of the Superior Court of Yuba County and from an order denying a motion for new trial. Eugene P. McDaniel, Judge.   Reversed.

The facts are stated in the opinion of the court.

Arthur M. Bundy for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

NEEDHAM, J., pro tem.—The defendant was charged with the crime of burglary and the jury found him guilty of burglary in the first degree. He appeals from the judgment and order denying his motion for a new trial. The salient facts in the case are that on the night of October 27, 1925, a freight train of the Sacramento Northern Railroad Company was standing in the yard of that company at Marysville; the rear car of the train was a caboose, within which the train crew kept certain personal effects in lockers. The train crew, consisting of two men, had locked the caboose and gone to the depot. Thereafter, one A. H. Hale, a railroad detective, arrested the defendant and marched him down the track toward the depot. The two members of the train crew testified that the defendant had in his possession when they met him in custody of Hale, the detective, certain personal property belonging to one or the other of them which they had left in the caboose, and that they thereafter went back to the caboose and found a locker broken.

The defendant urges several grounds for reversal, and we have carefully examined each of them; we do not think they merit detailed consideration other than the one ground, which we will consider, and which ground we feel will require a reversal of the case.

[1] As stated, the defendant was convicted of burglary in the first degree. There was no testimony that the defendant was armed with a deadly weapon while in the commission of such burglary, or that in the commission of such burglary he assaulted any person. Neither can it, we think, be claimed that the caboose at the end of the train should be classified as an "inhabited dwelling-house or building," as used in section 460 of the Penal Code. Section 460 of the Penal Code reads:

"1. Every burglary of an inhabited dwelling-house or building committed in the night-time, and every burglary, whether in the daytime or night-time, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself with a deadly weapon,

or who while in the commission of such burglary assaults any person, is burglary of the first degree.

"2. All other kinds of burglary are of the second degree. . . . " (Amendment approved 1923; Stats. 1923, p. 747.)

[2] We think that a caboose is a railroad car. (See sec. 459, Pen. Code.) The information is the case charges that the defendant "did . . . enter that certain railroad car commonly known as a caboose," etc. It would see that both the trial court and the district attorney, when the verdict was returned, overlooked the amendment to section 460 of the Penal Code, adopted in 1923, changing the definition of the degrees of burglary in this state. As the caboose under the facts in proof in the case cannot be classified as an "inhabited dwelling-house or building," and as there is no testimony that the defendant in this case was armed with a deadly weapon at any time, and as there is no claim that the defendant assaulted any person, the evidence at most could only sustain a conviction of burglary in the second degree, and the court erred in denying the defendant's motion for an order setting aside the verdict of the jury and granting a new trial.

For the reasons given we are brought to the conclusion that the evidence in this case does not sustain a verdict of first degree burglary, and it follows that the order and judgment appealed from must be reversed. It is so ordered.

Plummer, J., and Finch, P. J., concurred.